# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DONALD R. BAIN,           )
                          )
    Plaintiff,            )
                          )
v.                        )   Case No. CIV-18-249-D
                          )
APACHE CORPORATION,       )
                          )
    Defendant.            )

## ORDER

Plaintiff Donald Bain, appearing pro se, brought the present action alleging he was not paid monies owed to him by Defendant Apache Corporation.[1] On April 24, 2018, Apache moved to dismiss Plaintiff's action on the basis the Complaint "fail[ed] to allege any facts that would convey this Court with original subject matter jurisdiction under the pretense of a federal question or § 1332 diversity." Mot. to Dismiss at 1 [Doc. No. 7]. Plaintiff has not responded to the motion.

Upon review, the Court agrees with Defendant's jurisdictional arguments. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "[F]ederal subject matter jurisdiction is elemental," and "must be established in every cause under review in the federal

---

[1] Because Plaintiff appears pro se, the Court liberally construes his submissions, but will not act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

courts." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015)). The burden of establishing such jurisdiction is on the party asserting it. *See id*. Here, the burden is on Plaintiff and he has failed to meet that burden.

The Court has read Plaintiff's Complaint and there is no basis for either federal question jurisdiction or diversity jurisdiction. Plaintiff's Complaint reads as follows:

> On an inherited property in Block Nine of the Courthouse Addition to Sayre, Oklahoma, section not clearly defined on Deed, contacted Energy company, Apache Corporation, had commodity extraction. A money amount for my portion of this extraction never materialized. No response was made to my efforts to resolve this matter. Much time has passed.

Complaint at 1. Plaintiff does not allege the existence of any statute that vests the Court with federal question jurisdiction, nor does he allege Defendant's citizenship and requisite amount of damages as to support the exercise of diversity jurisdiction. Therefore, the Court must dismiss this action.

Accordingly, Defendant's Motion to Dismiss is **GRANTED** as set forth herein.

**IT IS SO ORDERED** this 5th day of June 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE